IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| BROOKE N. KAFKA, on behalf of herself and all other similarly situated persons,<br><br>Plaintiffs,<br><br>vs.<br><br>THE MELTING POT RESTAURANTS, INC., KC DIPPER LLC, AND FRONT BURNER BRANDS, INC., a/k/a TGS RESTAURANT MANAGEMENT, INC.<br><br>Defendants. | Case No. 4:17-cv-00683<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Brooke N. Kafka, by and through her undersigned counsel, and for her Complaint against The Melting Pot Restaurants, Inc., KC Dipper LLC and Front Burner Brands, Inc. (collectively "The Melting Pot" or "Defendants") hereby states and alleges as follows:

## NATURE OF THE ACTION

1. The Melting Pot "was recognized as the No. 1 casual dining restaurant in the Nation's Restaurant News 2015 Consumer Picks report" with over 120 locations across the United States, including in Kansas City, Missouri. *See* https://www.meltingpot.com/in-the-press.aspx. Defendants' policy and practice is to deny minimum wage pay to its servers. Defendants' deliberate failure to pay its employees their earned wages violates the Fair Labor Standards Act ("FLSA"), as well as Missouri state laws.

2. Plaintiff Brooke Kafka, and all other similarly situated employees, worked for Defendants as servers. This lawsuit is brought as a collective action under the FLSA and as a state

law class under Rule 23 to recover unpaid wages and related penalties and damages owed to Plaintiff, and all other similarly situated employees.

## PARTIES

3.  Defendant The Melting Pot Restaurants, Inc. is a Florida corporation with its principle place of business at 7886 Woodland Center Blvd., Tampa FL 33614 (*hereinafter* "Defendant The Melting Pot"). Defendant The Melting Pot operates a restaurant in Kansas City, Missouri located at 450 Ward Pkwy, Kansas City, Missouri 64112. Defendant The Melting Pot Restaurants, Inc. can be served through its registered agent: Chesley Culp, 7886 Woodland Center Blvd., Temple Terrace, FL 33614.

4.  Defendant KC Dipper LLC is a Wisconsin LLC with its principal place of business, upon information and belief, at 19010 Still Point Trail, Brookfield WI 53045 (*hereinafter* "Defendant KC Dipper"). Defendant KC Dipper operates a restaurant in Kansas City, Missouri located at 450 Ward Pkwy, Kansas City, Missouri 64112. Defendant KC Dipper can be served through its registered agent: National Registered Agents, Inc., 120 South Central Avenue, Clayton, MO 63105.

5.  Defendant Front Burner Brands, Inc. a/k/a TGS Restaurant Management, Inc. is a Florida corporation with its principal place of business at 7886 Woodland Center Blvd, Tampa FL 33614 (*hereinafter* "Defendant Front Burner"). Defendant Front Burner operates a restaurant in Kansas City, Missouri located at 450 Ward Pkwy, Kansas City, Missouri 64112, and the specific purpose(s) for which Defendant Front Burner is in this District is to "employ…" *See* 2005 State of Missouri Application for Certificate of Authority for a Foreign For-Profit Corporation. Defendant Front Burner can be served through its registered agent: Bradley Johnson, 401 Whitebird Ct., Wildwood, MO 63040.

6. Defendant Front Burner and Defendant Melting Pot share the same principal place of business located at 7886 Woodland Center Blvd, Tampa FL 33614.

7. Defendant Front Burner and Defendant Melting Pot share the same registered agent in the state of Florida, and the same officers/directors in CEO- Robert Johnston and CFO- Scott Pierce.

8. Plaintiff Brooke Kafka is a current resident of Parkville, Missouri. Plaintiff was employed by Defendants as a server from approximately October 2015 until February 2017. During this timeframe Ms. Kafka performed work as a tipped employee. Ms. Kafka's consent to join form is attached hereto as **Exhibit 1.**

9. At all relevant times, Defendants have been an "employer" within the meaning of the FLSA and Mo. Rev. Stat. §290.500. At all relevant times, Defendants have employed "employee[s]," including Plaintiff and those persons similarly situated to the Plaintiff as described herein. At all relevant times, Plaintiff and the other members of the class were engaged in commerce and/or worked for Defendants.

## JURISDICTION AND VENUE

10. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201 *et seq*.

11. This Court has supplemental jurisdiction for all claims asserted under the Missouri Minimum Wage Law, as these claims are part of the same case and controversy as the FLSA claims, the state and federal claims derive from a common nucleus of operative facts, the state claims will not substantially dominate over the FLSA claims, and exercising supplemental jurisdiction would be in the interests of judicial economy, convenience, fairness and comity.

12. The United States District Court for the Western District of Missouri has personal jurisdiction because Defendants KC Dipper LLC d/b/a The Melting Pot and Front Burner Brands, Inc. a/k/a TGS Restaurant Management, Inc are registered to do business in this State. Additionally, all Defendants advertise and regularly conduct business within this District, including upon information and belief, hiring, training and employing servers to operate its restaurant.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) inasmuch as Defendants conduct business and can be found in this District, and the causes of action set forth herein have arisen and occurred in part in the District.

## FACTUAL ALLEGATIONS

14. Defendants have employed hundreds of servers who may apply online at https://www.meltingpot.com/food-and-beverage-careers.aspx through a universal online job application or in person at a specific Melting Pot location. Defendants indicate that the "Melting Pot is a restaurant that offers great pay, flexible schedules, and a cool and comfortable working environment." https://www.meltingpot.com/food-and-beverage-careers.aspx. Upon information and belief, Defendants determined Plaintiff, and other similarly situated servers, rate and method of payment.

15. Defendants provide an Orientation & Team Member Handbook stating, "[w]elcome to the Melting Pot Restaurants, an affiliate of Front Burner Brands, a restaurant management company headquartered in Tampa, Fla. For more information, visit www.themeltingpot.com"

4

16. In addition, Defendants' Orientation & Team Member Handbook welcomes their "Team Members" and indicate they are "…sincerely pleased and proud that you have decided to join us at the Melting Pot Restaurants."

17. As of August 2017, Defendants operated a Melting Pot restaurant at located at 450 Ward Pkwy, Kansas City, Missouri 64112.

18. Plaintiff, and other similarly situated servers, are paid below minimum wage for all hours worked – meaning Defendants do not pay the full applicable minimum wage (e.g., the higher of the federal minimum wage of $7.25 or applicable state minimum wage). All servers are uniformly paid the tipped employee rate, which is currently $3.83 per hour in Missouri.

19. Plaintiff, and other similarly situated servers, are assigned side work to complete before, during, and after their shifts.

20. These side work jobs could include, but are not limited to non-tipped activities such as prepping food, including cutting ingredients for the fondue, making cheese or chocolate fondue, making salads, plating trays of food, sorting, and rolling silverware, busing tables, scrubbing tables, cleaning and vacuuming floors, cleaning base boards, cleaning pictures, cleaning gum off of tables, filling ice bins, filling and cleaning condiments, making tea and coffee, and setting up the expo line.

21. Defendants The Melting Pot and Front Burner instructed Plaintiff, and other similarly situated servers, precisely how to prepare and plate their food.

22. Defendants exercised control over the manner in which Plaintiff and other similarly situated servers' work was performed, including by providing uniform guidelines, which include black Melting Pot shirts, as well as specific "Service Steps and Time Requirements" for each

5

dinner order which dictated the exact manner in which Plaintiff, and other similarly situated servers, were to complete their work.

23. Defendants provided a confidentiality policy which dictated, "Team members should never use or disclose confidential or proprietary information obtained in connection with their work with The Melting Pot Restaurants" and that Defendants could discipline team members for use or disclosure of such information. Thus, upon information and belief, Defendants had the power to fire Plaintiff, and other similarly situated servers.

24. Defendants do not keep time records for the side work performed by their servers.

25. Plaintiff, and other similarly situated servers, routinely work shifts where the side work constitutes more than 20% of their overall shift time.

26. Nonetheless, Defendants paid Plaintiff, and other similarly situated servers, at the tip credit rate of pay and not full minimum wages. Defendants KC Dipper LLC and The Melting Pot issued pay checks to Plaintiff.

27. As a result, Plaintiff, on behalf of herself and all others similarly situated, brings this case to recover for their improperly paid wages.

28. At all times herein pertinent, Defendants' non-exempt employees were tip-earning employees, including servers. At all times herein pertinent, Defendants failed to properly compensate their servers at the proper rate of pay. Rather than paying their employees the full minimum wage for non-tip producing activities, Defendants compensated their employees at a rate no greater than the tipped employee rate, currently $3.83 per hour in Missouri for each hour worked. Defendants failed to properly compensate these employees for time spent performing non-tip producing activities. Doing so denies such employees proper compensation for all work

6

performed and is in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. (hereinafter "FLSA"), and Mo Rev. Stat. § 290.500, *et. seq*.

29. Defendants' practices are in direct violation of Mo Rev. Stat. § 290.500*, et. seq*. and the FLSA and Plaintiff seeks proper compensation for work performed, liquidated and/or other damages as permitted by applicable law, and attorney's fees, costs, and expenses incurred in this action.

30. The net effect of Defendants' policy and practice, instituted and approved by company managers is that Defendants willfully fail to pay minimum wage in order to save payroll costs, increase its profits and undercut its competition.

## **COLLECTIVE AND CLASS ALLEGATIONS**

**FLSA Collective Action.**

31. Plaintiff brings Count I, the FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b).

32. The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

33. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging, among other FLSA violations, Defendants' practice of requiring servers to perform non-tip-producing activities at a rate less than minimum wage when such work regularly exceeded twenty percent of their workday.

34. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from the records of Defendants, and potential class members may easily and quickly be notified of the pendency of this action.

**Missouri Rule 23 Class.**

35. Plaintiff Brooke Kafka, as Missouri Class Representative, brings Counts II – III as a class action pursuant to Federal Rule of Civil Procedure 23(b)(3), on behalf of herself and the following class of persons:

> A Missouri opt out class that includes (1) MMWL claims for "All Melting Pot servers who worked for The Melting Pot from August 17, 2015 through the present" and (1) Missouri unjust enrichment/quantum meruit claims for "All Melting Pot servers who worked for The Melting Pot from August 17, 2012 through the present."

36. The Missouri state law claims, if certified for class-wide treatment, may be pursued by all similarly situated persons who do not opt-out of the Missouri Class.

37. The classes satisfy the numerosity standards in that each class will number well into the hundreds. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this class action through posting, direct mail and electronic mail.

38. There are questions of fact and law common to the classes that predominate over any questions affecting individual members. The questions of law and fact common to the classes arising from Defendants' actions include, without limitation, the following:

   a. Whether all class members were paid based on the "tip credit";

   b. Whether Defendants' recorded the amount of time spent performing side work;

   c. Whether Defendants paid minimum wage for sidework when the sidework exceeded 20% of the overall shift;

   d. Whether Defendants knew or had reason to know its policies and compensation practices were unlawful, and

8

  e.  Whether Defendants retained a benefit from such unlawful policies and compensation practices.

39. The aforementioned common questions, among others, predominate over any questions affecting individual persons, and a class action is proper as it will achieve and promote consistency, economy, efficiency, fairness, and equity.

40. Plaintiff's claims are typical of those of the class because the class members have been paid pursuant to the same compensation structure and were subject to the same or similar unlawful practices as the Plaintiff.

41. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to the classes. The presentation of separate actions by individual class members would create a risk of inconsistent and varying results, risk the establishment of incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of class members to protect their interests.

42. Plaintiff is an adequate representative of the classes because her interests do not conflict with the interests of the members of the classes she seeks to represent. The interests of the members of the classes will be fairly and adequately protected by Plaintiff and undersigned counsel, who have experience in employment and class action lawsuits.

43. Maintenance of this action as a class action is a fair and efficient method to resolve this controversy. It would be impracticable and undesirable for each member of the classes who suffered harm to bring a separate action. Furthermore, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent

adjudications, while a class action can determine the rights of all class members in conformity with the interest of efficiency and judicial economy.

## COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938

44. Plaintiff incorporates by reference the statements and allegations contained in the above paragraphs as though more fully and completely set forth herein.

45. At all times material herein, Plaintiff, and all other similarly situated employees, have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

46. The FLSA regulates, among other things, the payment of minimum wage and overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a); 29 U.S.C. § 207(a)(1).

47. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees at the federal minimum wage for services performed and to compensate them at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week.

48. Defendants are subject to the minimum wage and overtime pay requirements of the FLSA because they are an enterprise engaged in interstate commerce and its employees are engaged in commerce.

49. Plaintiff brings this Complaint pursuant 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by the Defendants as similarly situated employees within three years from the commencement of this action who have not been compensated for their time, who have not been compensated at the proper minimum wage and/or one and one-half times the regular

10

Case 4:17-cv-00683-HFS    Document 1    Filed 08/17/17    Page 10 of 15

rate of pay for all services performed in excess of forty hours per week and whose hours worked have not been accurately recorded and maintained by Defendants so as to avoid such compensation as aforesaid.

50. Defendants violated the FLSA by failing to compensate Plaintiff, and other similarly situated employees, at the minimum wage and/or proper overtime rate. In the course of perpetrating these unlawful practices, Defendants have also willfully failed to keep accurate records of all hours worked by its employees.

51. Plaintiff and all similarly situated employees are victims of a uniform and company-wide compensation policy. Upon information and belief, this uniform policy, in violation of the FLSA, has been applied to all servers employed by Defendants during the last three years.

52. Plaintiff and all similarly situated employees are entitled to damages equal to the mandated minimum wage and/or overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard of whether their conduct was prohibited by the FLSA.

53. Defendants have acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of minimum wage and/or unpaid overtime pay described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants did not act willfully in failing to pay minimum wage and/or overtime pay, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

54. As a result of the aforesaid willful violations of the FLSA, wages have been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees. Accordingly, Defendants are liable pursuant to 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly situated employees demand judgment against Defendants and pray for: (1) designation of this action as a collective action on behalf of all similarly situated employees and prompt issuance of notice to all similarly situated employees (the FLSA class), apprising them of the pendency of this action; (2) compensatory damages; (3) liquidated damages; (4) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (5) pre-judgment and post-judgment interest as provided by law; and (6) such other relief as the Court deems fair and equitable.

## COUNT II - <br> FAILURE TO PAY WAGES PURSUANT TO MO. REV. STAT. § 290.500, *ET. SEQ.*

55. Plaintiff incorporates by reference the statements and allegations contained in the above paragraphs as though more fully and completely set forth herein.

56. Plaintiff and the class of other similarly situated servers were employed by Defendants and were required to spend more than 20% of their time engaged in non-tip-producing activities.

57. Said work often required Plaintiff and the class to work in excess of forty (40) hours per week.

58. Plaintiff and the class of other similarly situated servers were treated as non-exempt employees by the Defendants under the Missouri Wage statutes.

59. Defendants employ/employed other employees at its restaurants who are/were required to spend more than 20% of their time engaged in non-tip-producing activities, and/or were required to perform work both before and after their work shifts as an integral and indispensable part of the principle activities of performing their jobs and were treated as non-exempt employees under the Missouri wage statutes. All such employees are hereby referred to as "similarly situated" employees, or "class members."

60. These "similarly situated" employees were compensated at the tipped employee rate, which was a rate of $3.675 per hour until 2015 and then increased to $3.83 per hour from 2015 until the present, in Missouri, per hour for work hours, regardless of activity.

61. During the pertinent time periods, the proper rate of pay under Missouri wage law ranged from $7.25 to $7.50 per hour.

62. The Missouri wage laws require each covered employer, such as Defendants, to compensate all non-exempt employees for services performed at the proper rate of pay and to compensate them at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week.

63. All similarly situated employees working for Defendants are similarly situated in that they spend more than 20% of their time working engaged in non-tip-producing activities.

64. These employees are similarly situated in that they are all subject to Defendants' identical compensation policies and plan that fails to lawfully compensate them.

65. This Complaint is brought and maintained as a class action for all state law claims asserted by the Plaintiff because her claims are similar to the claims of the class members.

66. The names and addresses of the class members are available from Defendants. The Defendants failed to compensate Plaintiff and the class members at the proper rate of pay, and

13

therefore, Defendants have violated, and continues to violate, the Missouri wage laws, Mo. Rev. Stat. 290.500, *et. seq.,* including 8 C.S.R. 30-4.010 and 8 C.S.R. 30-4.020 (2).

67. The Plaintiff, on behalf of herself and all similarly situated employees of Defendants who compose the class, seeks damages in the amount of all respective unpaid minimum and overtime wages and straight time plus liquidated damages, as provided by the MMWL and such to legal and equitable relief as the Court deems just and proper.

68. The Plaintiff, on behalf of herself and all similarly situated employees of Defendants who compose class, seeks recovery of all attorney fees, costs, and expenses of this action, to be paid by Defendants, as provided by Mo. Rev. Stat. 290.500, *et. seq.*

WHEREFORE, Plaintiff, on behalf of herself and all proposed class members, demands judgment against Defendants and prays for: (1) designation of this action as an action on behalf of the proposed class members and prompt issuance of notice to all class members (the Missouri Wage Law class), apprising them of the pendency of this action; (2) designation of Plaintiff as Representative Plaintiff, acting for and on behalf of the class members; (3) compensatory damages; (4) liquidated damages; (5) attorneys' fees and costs; (6) pre-judgment and post-judgment interest as provided by law; and (7) such other relief as the Court deems fair and equitable.

## **COUNT III – QUANTUM MERUIT/UNJUST ENRICHMENT**

69. Plaintiff incorporates by reference the statements and allegations contained in the above paragraphs as though more fully and completely set forth herein.

70. Defendants have been and are being enriched by making deficient payments for work performed by Plaintiff and other similarly situated employees. Defendants have been and are being enriched at the expense of Plaintiff and other similarly situated employees because Plaintiff and others were not properly compensated for their work.

71. Defendant intentionally refused to pay Plaintiff and other similarly situated employees at the proper rate for all hours worked. Defendants know or should know the proper rate of pay for Plaintiff and other similarly situated employees. Such wrongful conduct demonstrates bad faith on the part of Defendants.

72. It is unjust for Defendants to retain the benefits from the unpaid work performed by Plaintiff and other similarly situated employees.

WHEREFORE, Plaintiff, on behalf of herself and all proposed class members, demands judgment against Defendants and prays for: (1) designation of this action as an action on behalf of the proposed class members and prompt issuance of notice to all class members (the Missouri Wage Law class), apprising them of the pendency of this action; (2) designation of Plaintiff as Representative Plaintiff, acting for and on behalf of the class members; (3) compensatory damages; (4) liquidated damages; (5) attorneys' fees and costs; (6) pre-judgment and post-judgment interest as provided by law; and (7) such other relief as the Court deems fair and equitable.

Date: August 17, 2017

Respectfully submitted,

By: /s/ *Virginia Stevens Crimmins*
Virginia Stevens Crimmins, Mo # 53139
Laura C. Fellows, Mo # 65896
Matthew R. Crimmins, Mo # 53138
**CRIMMINS LAW FIRM LLC**
214 S. Spring Street
Independence, Missouri 64050
Telephone: 816-974-7220
Fax: 855-974-7020
v.crimmins@crimminslawfirm.com
l.fellows@crimminslawfirm.com
m.crimmins@crimminslawfirm.com

**ATTORNEYS FOR PLAINTIFF AND THE CLASS**